United States District Court          Southern District of Texas

In Re the Complaint of §
Mike Hooks, Inc., §        Civil Action H-11-263
as Owner of the *Mike Hooks*. §

## Opinion on Limitation of Liability

1. *Introduction.*

    A worker was hurt on a boat. While acting on his own, he was injured.

2. *Injury.*

    Timothy Barnes had worked on the *Nicholas* for about one year. On April 3, 2012, he was a boatman on watch for the voyage of the dredge the *Mike Hooks*. He was on duty for twelve hours – from 11:00 that night to 11:00 the next morning. Among his duties were to inspect the boat, especially by checking things like the engine oil, clutch functioning, and the water tightness of packing around the propeller shaft. Because the shaft passes through the hull, it must be securely packed though the bushing to the propellers; if not, water leaks around the shaft.

    Garza, the man on watch before Barnes, had replaced the packing, but had left it uncovered. He says that he had placed the protective hand guard by the shaft and had expressed concern to Barnes when he began his watch that the packing might leak.

    Barnes says merely that Garza assured him that "everything was good." Although Barnes had complained for the previous seven months that the packing leaked, he says that he relied on Garza's word that it was good and neither checked it nor noticed that the shaft was uncovered, spinning openly.

    After about eight hours, Barnes noticed that the boat was riding too low in the water, suggesting a material leak. Barnes went below to check. Because the engine room was about two feet deep in water, Barnes began to run the bilge pump, and the other crew

ran two portable, hand-operated supplemental pumps – sometimes called jigger pumps – on the deck.

After most of the water had been pumped overboard, the captain asked Barnes to move the *Nicholas* so a crane barge could approach the *Mike Hooks*. Barnes moved the boat, leaving the engine in gear, turning the propellers. The owner says that it had instructed Barnes to take the engine out of gear while pumping, idling the propellers. Barnes denies this.

Because the boat was still taking on water, a supervisor asked Barnes again to check the engine room. Barnes says that he stepped down into the room by standing on the clutch housing because it was a high point near the engine and he wanted to continue directing the deck crew. He noticed that the jiggers were not pumping; he turned to tell the crew to reverse them. While turning, he slipped from the clutch, allowing his right pant leg to catch in the turning propeller shaft, throwing him onto his back. He says this injured his right leg and lower back. The cover guard for the shaft was found on the deck, obviously not in place.

3. Order.

Barnes was not responding to a specific order when he was injured. A supervisor had told him to check the engine room, and Barnes chose all of the means of accomplishing the task. Being an experienced seaman, he acted on his own. To direct the crew, he chose to stand on the clutch. Barnes concedes that no one ordered him where to stand; it was his decision.[1] As an alternative, he could have stood or crouched on the engine itself – it is taller than the clutch and farther from the shaft.

Barnes's pants leg caught in the propeller shaft because when he fell on it, it was turning while exposed.[2] The shaft was uncovered because he had not yet checked the packing around it.[3] It was rotating on its axis because Barnes had kept the engine in gear while pumping. Instead, he should have (a) put the engine in neutral, or (b) disengaged the throttle and shifted it to a fast idle position to pump faster.

---

[1] Barnes Dep. 95:16–19, December 10, 2010.

[2] *Id.* 115:5–8.

[3] *Id.* 83:19–84:11, 99:11–100:3.

4.  *Conclusion.*

Timothy Barnes was acting on his own when he was injured on April 4, 2010. Only he is responsible for his injury.

Signed on April 11, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge